```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                              :
ALBERT THEODORE ROBINSON,     :
                              :
          Plaintiff,          :   Civ. No. 22-1050 (NLH)(MJS)
                              :
     v.                       :   MEMORANDUM OPINION AND ORDER
                              :
                              :
KRISTINA SMITH, et al.,       :
                              :
          Defendants.         :
_____:
```

APPEARANCES:

Albert Theodore Robinson
356001
Hudson County Department of Correctional
and Rehabilitation Center
35 Hackensack Avenue
Kearny, NJ 07032

    Plaintiff pro se

James R. Birchmeier, Esq.
Birchmeier & Powell LLC
1891 State Highway 50
PO Box 582
Tuckahoe, NJ 08250-0582

    Attorneys for Defendant Charles Warren

HILLMAN, District Judge

    WHEREAS, Plaintiff Albert Theodore Robinson filed a complaint under 42 U.S.C. § 1983 on February 28, 2022.  ECF No. 1.  At that time, Plaintiff was a pretrial detainee in the Cumberland County Jail, id.; and

1

WHEREAS, the Court granted Plaintiff's in forma pauperis application on March 4, 2022 and sent copies of its Order to Plaintiff, the New Jersey Attorney General's Office, and the Warden of the Cumberland County Jail, ECF No. 2; and

WHEREAS, Plaintiff submitted a change of address notification on March 7, 2022 to inform the Court that he had been transferred to the Hudson County Jail under an agreement between Cumberland and Hudson Counties, ECF No. 3; and

WHEREAS, this Court's concerns over the Cumberland County Jail's mailroom and transfer practices have been well-documented in other cases, see, e.g., Bartley v. Warren, No. 21-19312 (ECF No. 11) (Mar. 18, 2022). In Bartley, the plaintiff was listed on Cumberland County Jail's Inmate Lookup Tool as being detained within the Jail, but his mail was returned to the Court with the notation that the detainee was "not here." Id. The Court ordered Cumberland County to clarify the plaintiff's location and explain how the County ensured the accuracy of the Jail's Inmate Lookup Tool, id.; and

WHEREAS, in response to the Court's order, the Warden of the Cumberland County Jail clarified that the plaintiff was transferred to Hudson County Jail per the contract between Cumberland County and Hudson County but was listed as being in the Cumberland County Jail on the Inmate Lookup Tool "because he remains an inmate, under the custody of the CCDOC, despite the

2

fact that he is housed in another location." Bartley, No. 21-19312 (ECF No. 14) (Mar. 30, 2022). The Warden represented that moving forward, "in an effort to not have any further delay in court mail being received by inmates, the jail mailroom officer will have access moving forward to a list that will include inmates of the CCDOC that are housed in other facilities." Id. at 2. "In the event that mail is received for those inmates in the future, the CCDOC will now mail it to them if they are housed in another facility but still under the custody of the CCDOC." Id.; and

WHEREAS, the Court permitted the complaint in the current action to proceed on May 11, 2022. ECF No. 8. The copy of the order sent to Plaintiff at the Hudson County Jail was returned on June 24, 2022. ECF No. 9. The envelope had a stamp with a check mark next to "No longer in custody" and "4/6/2022" written underneath, Id.; and

WHEREAS, Plaintiff is not listed on the Cumberland County Jail's Inmate Lookup Tool, available at http://inmates.bluhorse.com/Default.aspx?ID=CUMB (last visited June 27, 2022); and

WHEREAS, on June 27, 2022, the Court's law clerk called the Hudson County Jail and spoke to "Adam," who confirmed that Plaintiff was located in the Hudson County Jail on behalf of Cumberland County; and

WHEREAS, Cumberland County has made repeated assurances to the Court that the transfer process between Cumberland County and Hudson County would not interfere with Cumberland County prisoners' access to the Courts and the orderly administration of matters pending in this Court.  However, it appears that Cumberland County continues to fail to accurately account for inmate transfers and the status of prisoners having active matters pending in this Court; and

WHEREAS, Cumberland County is directed to answer why the County should not be held in contempt for its continued failure to abide by this Court's orders and for interfering with the administration of cases pending in this Court.

IT IS therefore on this   28th   day of    June   , 2022,

ORDERED that the Clerk of the Court shall send a copy of this Order to the Warden of the Cumberland County Jail by regular mail; and it is further

ORDEREDD that within 14 days from the date of this Order, the Warden of the Cumberland County Jail shall file on the docket a statement why the County should not be held in contempt for its continued failure to abide by this Court's orders and for interfering with the administration of cases pending in this Court; and it is finally

4

ORDERED that the Clerk of the Court shall send a copy of this Order to Plaintiff by regular U.S. mail.

At Camden, New Jersey　　　　　　　　　　s/ Noel L. Hillman
　　　　　　　　　　　　　　　　　　　　NOEL L. HILLMAN, U.S.D.J.